UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT ALLEN SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| INDIANA UNIVERSITY HEALTH | ) |
| PAOLI, INC. | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Allen Sullivan ("Sullivan" or "Plaintiff"), by counsel, against Defendant, Indiana University Health Paoli, Inc., ("Defendant" or "IU Health") for violating the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), as amended.

**II. PARTIES**

2. Sullivan is a resident of Martin County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is Indiana University Health Paoli, Inc., a domestic nonprofit corporation licensed in the state of Indiana doing business in the Southern District of Indiana and operating the Indiana University Health Walk-In Clinic in Paoli, Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 42 U.S.C. § 12117, and 29 U.S.C. § 2617(a)(2)

5.      A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

6.      Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a discrimination charge (EEOC Case No. 470-2024-05437) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discriminatory actions based on his protected disability. Plaintiff received his Notice of Right to Sue on May 24, 2025.

7.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

8.      Plaintiff was employed by IU Health beginning in or around October 2004 and served most recently as a Team Lead RN at its Walk-in Clinic in Paoli, Indiana.

9.      For nearly two decades, Plaintiff met or exceeded expectations and was a consistent contributor to the organization.

10.     In early 2024, Plaintiff began experiencing significant health issues, which he disclosed to his supervisor, Jennifer Blanton ("Blanton"), on or about February 28, 2024.

11.     Plaintiff informed Blanton that he was undergoing medical evaluations and treatment and intended to request intermittent FMLA leave to accommodate his condition.

12.     Rather than support his request, Blanton discouraged Plaintiff from formally seeking FMLA leave, stating she would "work with him" informally.

13. Plaintiff, nevertheless, continued to adjust his schedule with Blanton to accommodate medical appointments. Despite ongoing health struggles, Plaintiff continued performing his job duties and maintaining his leadership responsibilities.

14. On May 21, 2024, Defendant issued Plaintiff a Performance Expectation Document citing vague and subjective allegations of performance deficiencies. This document marked a stark contrast from prior feedback and coincided with his ongoing medical issues and anticipated leave.

15. Plaintiff met with Blanton again on June 5, 2024, to discuss his progress. During that meeting, Blanton made no indication that termination was imminent and instead remarked that if he was "feeling better," she was "feeling better."

16. On June 10, 2024, Plaintiff underwent a diagnostic CT scan. On June 12, 2024, he received a cancer diagnosis and promptly informed Blanton, including notification that his physician had recommended modified duties and reduced hours.

17. Two days after Plaintiff disclosed his cancer diagnosis, on June 14, 2024, Defendant abruptly terminated Plaintiff's employment.

18. Defendant's asserted basis for termination, a lack of sustained performance improvement, is pretextual and inconsistent with the sequence of events and the supportive feedback provided just days prior.

19. Plaintiff's disclosure of his cancer diagnosis and anticipated accommodations was a motivating factor in Defendant's decision to terminate his employment.

20. Similarly situated individuals, not in Plaintiff's protected class, were not disciplined for comparable performance concerns.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DICRIMINATION (ADA)

21. Sullivan hereby incorporates paragraphs one (1) through twenty (20) of his Complaint.

22. At all relevant times, Sullivan was an individual with a disability as defined by the ADA 42 U.S.C. § 12102(1) due to his diagnoses of cancer, which substantially limit one or more major life activities.

23. Defendant violated Sullivan's rights as protected by the ADA by discriminating against his actual or perceived disability.

24. Defendant subjected Sullivan to disparate treatment based on his disability.

25. Defendant's actions were intentional, willful, and in reckless disregard of Sullivan's rights as protected by the ADA.

26. Sullivan has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

**COUNT II: REHABILITATION ACT OF 1973- DISABILITY RETALIATION**

27. Sullivan hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint.

28. Sullivan, an individual with a disability as defined by the ADA, engaged in a protected activity when he disclosed and requested accommodation for his disability.

29. Sullivan was retaliated against for engaging in said protected activity and was terminated from his decades long employment.

30. Defendant violated Sullivan's rights as protected by the ADA by retaliating against him.

31. Defendant's actions were intentional, willful, and in reckless disregard of Sullivan's rights as protected by the ADA.

32. Sullivan has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: REHABILITATION ACT OF 1973- FAILURE TO ACCOMMODATE

33. Sullivan hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint.

34. At all times material to this action, Sullivan was an individual with a disability as defined by the ADA, due to his diagnoses of cancer, which substantially limits one or more major life activities.

35. Sullivan requested reasonable accommodations for his disability including frequent breaks and shortened workdays as recommended by his doctor.

36. Defendant failed to provide accommodations to Sullivan, instead terminating his employment.

37. Defendant violated Sullivan's rights as protected by the ADA by failing to reasonably accommodate Sullivan's disability.

38. Defendant's actions were intentional, willful, and in reckless disregard of Sullivan's rights as protected by the ADA.

39. Sullivan has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Robert Allen Sullivan, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their disability and/or retaliates against any employee for engaging in protected activity;

2. Provide reasonable accommodation for Plaintiff moving forward;

3. Reinstate Plaintiff's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions, or award him front pay in lieu thereof;

4. Enter an order requiring Defendant to remove or rescind any statements, notations, or designationsthat restrict or preclude Plaintiff from being rehired within the Indiana University system;

5. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

6. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

7. Award Plaintiff compensatory damages under the ADA;

8. Award Plaintiff punitive damages under the ADA;

9. Award Plaintiff all costs and attorneys' fees incurred as a result of bringing this action;

10. Award Plaintiff pre- and post-judgment interest on all sums recoverable;

11. Award Plaintiff all other legal and/or equitable relief this Court sees fits to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ *Melissa Middleton*
Melissa Middleton, Atty No. 37165-49
Andrew Dutkanych III, Atty No. 23551-49
144 North Delaware Street
Indianapolis, Indiana 46204
Office:     (317) 991-4765
Facsimile:  (812) 424-1005
E-Mail:     ad@bdlegal.com

*Attorneys for Plaintiff, Robert Allen Sullivan*

## DEMAND FOR JURY TRIAL

Plaintiff, Robert Allen Sullivan, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ *Melissa Middleton*
Melissa Middleton, Atty No. 37165-49
Andrew Dutkanych III, Atty No.23551-49
144 North Delaware Street
Indianapolis, Indiana 46204
Office:        (317) 991-4765
Facsimile:   (812) 424-1005
E-Mail:       ad@bdlegal.com

*Attorneys for Plaintiff, Robert Allen Sullivan*